UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00015-TBR

APRILE HORSE TRANSPORTATION, INC., *et al.*          Plaintiffs

v.

PRESTIGE DELIVERY SYSTEMS, INC., *et al.*            Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Prestige Delivery Systems, Inc.'s (Prestige) "Motion Pursuant to F.R.C.P. 55(c) To Set Aside Default Judgment. (Docket No. 20.) Plaintiffs Aprile Horse Transportation, Inc., and Great West Casualty Company have responded in opposition, (Docket No. 27), and Prestige has replied, (Docket No. 29). This matter is now ripe for adjudication. For the reasons that follow, Prestige's Motion will be GRANTED, and the default judgment entered June 20, 2013, will be set aside.

BACKGROUND

Plaintiffs initiated this action on February 4, 2013. (*See* Docket No. 1.) The record reflects that the Summons and Complaint were served on Prestige via certified mail on February 7, 2013. (*See* Docket No. 4.) After no answer or other response was filed, Plaintiffs moved for default judgment on May 21, 2013. (Docket No. 7.) Prestige did not respond to that motion, and, on June 18, 2013, the Court granted Plaintiffs' motion for default judgment and entered judgment in Plaintiffs' favor against Prestige. (Docket No. 14.)

Then on July 25, 2013, Prestige filed its instant Motion to set aside the default judgment entered against it. (Docket No. 20.) Prestige points out that four days after the filing of Aprile's Complaint, a separate lawsuit for injury arising out of the same operative facts was filed in this Court by Plaintiffs Malissa Stack and Michael Stack.[1] Prestige avers that confusion arose, apparently, from a combination of (1) miscommunication between Prestige's President, Joe Bernon, and Prestige's attorney in Cleveland, Ohio, coupled with (2) Mr. Bernon's out-of-town absence on a family vacation the week during and around the time the two Complaints were served on Prestige. (*See* Docket No. 20, at 2-3.) Prestige attaches Mr. Bernon's affidavit in support of this explanation. (Docket No. 20-6.) In essence, Prestige explains its failure to respond to Aprile's Complaint as a result of its mistaken belief that the two lawsuits were one and the same, or, stated differently, its unawareness that Aprile's Complaint was a separate and distinct cause of action from the Stacks' Complaint. Prestige argues that it has shown good cause why the Court should set aside the default judgment entered against it, insisting that it has a meritorious defense to Aprile's vicarious liability claim, that there would be no prejudice to the Plaintiffs, and that the delay was not the result of willful or culpable conduct.

STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." When a defendant seeks relief from entry of default, the Court must consider three equitable factors to determine whether "good cause" is shown: "(1) whether

---

[1] That action, styled *Malissa Stack et al. v. Prestige Delivery Systems, Inc.*, No. 5:13-CV-00018-TBR, has since been consolidated with the above captioned matter. (*See* Docket No. 30.)

culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). However, when a defendant seeks relief from a default judgment—as is the case here—the Court must consider those three equitable factors in light of the stricter requirements of Rule 60(b). *Id.* (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).

## DISCUSSION

When relief is sought under Rule 60(b)(1), the first equitable factor—whether culpable conduct of the defendant led to the default—"is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting *Waifersong*, 976 F.2d at 292). Prestige must therefore prove that its default was due to one or more of these explanations before the Court need consider whether Prestige can satisfy the two remaining equitable factors. *Id.* (citing *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). Where a case has not been heard on the merits, the determination whether a party's neglect is excusable involves consideration of five factors: "(1) the danger of prejudice to the other party, (2) length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). Furthermore, while there is a strong public policy favoring the finality of judgments and the termination of litigation, *Burrell*, 434 F.3d at 832 (citing *Waifersong*, 976 F.2d at 292), there is a competing policy consideration that values the resolution of cases on their merits, *id.* (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398

(6th Cir. 1987)). This latter policy dictates that the Court "should . . . construe[] all ambiguous or disputed facts in the light most favorable to the defendant[]." *Id.* (alterations in original) (quoting *INVST Fin. Grp.*, 915 F.2d at 398). Accordingly, the above factors should be applied liberally based on the "strong preference for trial on the merits." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001).

The Court is satisfied that Prestige's conduct leading up to the entry of default judgment was the result of excusable neglect. Prestige filed its instant Motion just over a month after the Court's entry of default judgment; thus, the delay here was minimal. Prestige's reasons for the delay, while not beyond criticism, are plausible. The Court has no reason to suspect that Prestige acted to delay the proceeding either for some unlawful purpose or to gain some advantage. The Court also is satisfied that the impact of Plaintiff's delay on judicial proceedings is, or will be, minimal. Finally, as will be discussed below, there is little danger of prejudice to the Plaintiffs. Accordingly, in consideration of the aforementioned factors and the strong preference for disposition on the merits, the Court concludes that Prestige's delay in this case supports a finding of excusable neglect.

Because the Court is satisfied that Prestige's conduct was not culpable within the meaning of Rule 60(b)(1), the Court next turns to the remaining equitable factors: whether Prestige has a meritorious defense and whether the Plaintiffs will be prejudiced. The Court finds that Prestige has shown that it has a meritorious defense. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834 (quoting *Williams*, 346 F.3d at 614). "[T]he test is not whether the defendant will win at trial, but

rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell*, 434 F.3d at 834 (citing *Williams*, 346 F.3d at 614). Prestige argues that it can have no liability for the negligence of Defendant Roy Hastings because Hastings was an independent contractor and not an employee of Prestige. To this end, Prestige has submitted a copy of Hastings' "Independent Operator Operating Agreement" and a certificate of liability insurance purporting to show that Hastings carried his own policy of insurance. (*See* Docket Nos. 20-1; 20-2.) Construing this defense in the light most favorable to Prestige, Prestige's argument creates "some possibility" of a different outcome in this case and appears "good at law," regardless of the likelihood of success. *See Burrell*, 434 F.3d at 834-35. Thus, the Court is satisfied that Prestige has raised a meritorious defense to the Plaintiffs' vicarious liability claims.

Finally, for the third equitable factor, the Court must consider whether the Plaintiffs will be prejudiced. "[D]elay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990); *see also Burrell*, 434 F.3d at 835 ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55."). Instead, the Plaintiffs "would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell*, 434 F.3d at 835 (citing *Berthelsen*, 907 F.2d at 621). This case was filed relatively recently, and no significant steps have been taken in this litigation. Discovery has yet to begin, and there is still the outstanding issue of Aprile's and the Stacks' pending motions for default judgment against Defendant Hastings. Since

entering default judgment against Prestige, the Court has not conducted a hearing on damages, nor have the Plaintiffs' damages been established. Plaintiffs have not shown that Prestige's delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties, *Burrell*, 434 F.3d at 835, nor does the Court find any indication that the delay here has resulted, or necessarily would result, in such tangible harm, *see Thompson*, 96 F.3d at 433-34. Accordingly, the Court finds that the delay here was minimal and is satisfied that there is no discernible prejudice to the Plaintiffs based on that delay.

## CONCLUSION

Therefore, having considered the parties' respective arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendant Prestige Delivery Systems, Inc.'s "Motion Pursuant to F.R.C.P. 55(c) To Set Aside Default Judgment, (Docket No. 20), is GRANTED, and the Order and Judgment entered June 20, 2013, (Docket No. 14), is set aside.

Date:

cc: Counsel