UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-15-GNS-LLK

APRILE HORSE TRANSPORTATION, INC., *et al.*                    PLAINTIFFS

v.

PRESTIGE DELIVERY SYSTEMS, INC., *et al.*                      DEFENDANTS

## OPINION AND ORDER

Plaintiffs Malissa and Michael Stack (the "Stacks"), pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure, moved this Court in their Motion to Order Requests for Admission as Admitted or Alternatively, Motion to Compel Responses to Requests for Admission to order 28 responses to requests for admission admitted, or alternatively to require amended responses. (Docket # 92). For the reasons stated in this opinion and order, the Court grants the Stacks' motion as to 24 requests, ordering two requests admitted and ordering amended responses to 22 requests. The Court denies the Stacks' motion as to four requests.

### Background

The Stacks filed their Complaint in a separate action, No. 5:13-CV-18-TBR (W.D. Ky. Feb. 6, 2013), that District Judge Russell consolidated with this case. (Docket # 30). Their Complaint alleges that Defendant Roy Hastings crashed a van on Interstate 24, in a one-vehicle accident, while an agent or employee of Defendant Prestige Delivery Systems, Inc.'s ("Prestige"). Compl. at paras 7, 9, *Stack v. Hastings*, No. 5:13-CV-18-TBR (W.D. Ky. Feb. 6, 2013). The Stacks, traveling in a tractor-trailer, later collided with Mr. Hastings' van, which came to rest blocking both lanes of the interstate. *Id.* at paras. 9-10. The Stacks sued Mr. Hastings and Prestige for negligence. *Id.* at paras. 15-18.

Mr. Hastings disappeared at the time of the collision. (Docket # 60). His counsel has stated that "it is believed that he [Mr. Hastings] was thrown or jumped from the roadway into the Cumberland River below [the bride where the accident occurred] and perished." *Id.* The parties have kept the Court aware of state-court proceedings in Ohio required to declare Mr. Hastings dead and begin probate. (Docket # 76). The Court addresses the sufficiency of Prestige's responses to the requests for admission based on the requirements of Rule 36, keeping in mind that Mr. Hastings' presumed death limits the sources Prestige may consult in formulating its responses and in specifying a reasonable inquiry when it cannot admit nor deny.

### Rule 36 Motions

Rule 36 provides one means for a discovering party to address a response to a request for admission. That party may move the Court to determine the sufficiency of an answer or objection to a request to produce. Fed. R. Civ. P. 36(a)(6). In determining the sufficiency of an objection, the Court may sustain the objection or order an answer served. *Id.* In determining the sufficiency of an answer, the Court may find the answer sufficient or, if insufficient, either order the matter deemed admitted or that the responding party serve an amended answer. *Id.* In the instant matter, the Stacks challenged the sufficiency of 28 of Prestige answers to requests to produce: requests numbered 2–13, 16–20, 25–28, 30, 33, 34, 36, 43a, 43b,[1] and 54. (Docket # 92). Prestige raised objections and made answers to each of these requests. (Docket # 93-1).

### Prestige's Objections

Prestige made two sets of objections to each request for admission. First, Prestige raised what it called preliminary objections. After stating these objections, Prestige proceeded to answer the requests, "without waiving" the preliminary objections. Second, in response to each

---

[1] Prestige made two responses to two different requests numbered 43. (Docket # 93-1, pp. 41-42). The Court will refer to the first of these requests and responses as 43a, the second as 43b.

and every request, Prestige began with a list of objections, identical for each request. Many of these repetitive objections repeated preliminary objections. Prestige then answered each request "without waiving" its objections. (Docket # 93-1).

An objecting party must object with specificity to particular requests for admission. *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003); *Diederich v. Dept. of the Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990); *see also Janko Enters., Inc. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013) (stating a party must make specific objections related to requests to produce and interrogatories). The lack of specificity in Prestige's objections left the Stacks without the ability to address the grounds for objection squarely. Prestige bears the burden of explaining the propriety of its objections and boilerplate objections do not accomplish this task. 2013 WL 5308802, at *7 (citing *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Therefore, the Court overrules the objections, preliminary and intra-response, because they lack specificity and fail to meet Prestige's burden when stating an objection.

"Requests for admission are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rule 36 serves two purposes—to narrow the list of contested issues prior to trial (and thereby avoid wasting resources) and to elicit proof on the remaining issues. Fed. R. Civ. P. 36 advisory committee notes; *O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996). These purposes further support overruling the objections because Prestige stated them in a "without waving" fashion. The rules require a party to either answer or object to a request for admission, not both. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party . . . serves . . . a written answer *or* objection." (emphasis added)). A party may move the court to overrule an objection. Fed. R. Civ. P. 36(a)(6). An answer to a request for admission

also entails consequences. An admission conclusively establishes the matter; a denial may result in sanctions. Fed. R. Civ. P. 36(b), 37(c)(2).

Other district courts that have found the discovery rules do not permit "subject to" or "without waiving" discovery responses. *E.g.*, *Mann v. Island Resports Dev., Inc.*, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009) (addressing requests for admission alongside requests for production and interrogatories and stating that "without waiving" objections fail because they lack a basis in the discovery rules, the (admittedly limited) caselaw and commentary support the conclusion, and the practice "lacks any rational basis") (citing *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964); 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2173 (3d ed. 2010)). *But see Nix v. Holbrook*, No. , 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015) (recognizing the split of authority on the subject, in the context of interrogatories, and citing precedent for both outcomes). This Court agrees with the reasoning that "without waiving" objections are improper and waive the objections. Moreover, much of the caselaw allowing "without waiving" objections relies on the 1993 amendment of Rule 33 to state that an "interrogatory must, *to the extent it is not objected to*, be answered separately and fully." Fed. R. Civ. P. 33(b)(3) (emphasis added); *see e.g.*, *Schipper v. BNSP Ry. Co.*, No. 2:07-CV-02249-JWL-DJW, 2008 WL 2358748, at *1 (D. Kan. June 6, 2008). Rule 36 does not contain language allowing a party to answer a request to the extent not objected to. *Compare* Fed. R. Civ. P. 33(b)(3), *with* Fed. R. Civ. P. 36(a)(3).[2]

The Court holds that a party cannot cloak its answers in without-waiving objections. That practice has no basis in the Rule 36 and would avoid the rule's narrowing-of-issues goal. For

---

[2] While the Court sees the comparison as apt for distinguishing caselaw that allows "without waiving" objections, the parties have not placed the propriety of "without waiving" objections to interrogatories before the Court. The Court expresses no opinion as to the propriety of such objections to interrogatories.

each instance when Prestige answered a request for admission after asserting objections, the Court overrules its objections. To the extent this Court orders Prestige to serve amended responses, Prestige must make either a specific objection or an answer, not both.

### Prestige's Answers

The Court addresses Prestige's answers to the Stacks requests in groups, according to the common threads found in the responses.

### I. Responses that invoke a lack of presence (numbers 3, 6, 7, 9–13, 16, 26, and 28)

In response to eleven requests for admission, Prestige stated that it could neither admit nor deny the request because it "was not present at the location on the date or time of the alleged accident."[3] In response to request seven, Prestige also stated that it "does not know what steps the Plaintiffs' [sic] took if any, to cause the subject accident." In response to requests 26 and 28, Prestige also stated that it "only knows what Roy Hastings, Jr., indicated by telephone."

"The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Moreover, a mere recitation of the rule text will not suffice. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) ("[P]ermitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process."); *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 199 (D. Conn. 2014) ("'[T]he answer must state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain the requisite knowledge.'")

---

[3] Prestige also asserts a lack of presence in response to request 8. The Court addresses that request in section II, *infra*.

(quoting *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (W.D.N.Y. 1981)). For all thirteen of these requests, Prestige failed to assert that it made a reasonable inquiry into the answer.

Prestige "must conduct a reasonable inquiry and answer [each request] if the information is readily obtainable, even though [Prestige] has no personal knowledge of the facts." *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 330 (E.D. Ky. 2006). The Court finds that the answers to these interrogatories do not comply with Rule 36 and orders Prestige to serve amended answers to requests 3, 6, 7 9–13, 16, 26, and 28. Prestige must make a reasonable inquiry into each request and cannot assert a lack of first-hand knowledge, without more, if it wishes to maintain a lack-of-knowledge response. If Prestige gains knowledge allowing it to admit or deny the request, it must do so.

## II. Responses that invoke a lack of knowledge as to the law (numbers 4, 5, and 8)

In response to two requests for admission, Prestige stated that it could neither admit nor deny the request because it has "no idea what the duties of Roy Hastings, Jr. an Independent Contractor, would be under controlling law." In response to request 8, Prestige generally alleged it could neither admit nor deny because it was not present. The Court notes that Prestige neither alleged nor specified a reasonable inquiry before stating it lacked the requisite knowledge to answer. While that would ordinarily make Prestige's responses defective, the Court will address the propriety of the requests.

The Stacks request that Prestige admit that when Mr. Hastings crossed the Cumberland River Bridge, he "had a duty to have the vehicle under reasonable control" (Request 4) and "a duty to exercise ordinary care to avoid collision with other persons or vehicles on the highway" (Request 5). They also request an admission that Mr. Hastings "had a duty to promptly illuminate the vehicle" (Request 8). Rule 36 allows the Stacks to request admission of the

application of law to fact and opinions about the same. Fed. R. Civ. P. 36(a)(1)(A). However, the Stacks may not request an admission of a pure conclusion of law. *Id.* at advisory committee's notes ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).[4]

Kentucky law applies to the legal duties of Prestige and Mr. Hastings, pursuant to the *Erie* doctrine. *Jellison v. Kroger Co.*, 290 F.2d 183, 184 (6th Cir. 1961). "Under Kentucky law, it is clear that the existence of a duty of care . . . is a pure question of law for the court." *James v. Meow Media, Inc.*, 300 F.3d 683, 691 (6th Cir. 2002) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 248 (Ky. 1992)). Requests related to the bounds of Mr. Hastings' duty seek an admission of a conclusion of pure law and therefore exceed the scope of Rule 36. While the Stacks argued that Prestige failed to preserve this objection, Prestige did raise the objection in its response brief to the motion, if not in its responses to the requests. (Docket # 93, p.3, # 94, p. 7). Moreover, the Court will sustain the objections, even assuming tardiness, because to order Prestige to amend an answer to an objectionable request would not construe the rules "to secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.

III. Responses that otherwise invoke a lack of knowledge (numbers 18, 27, and 54)

In response to another three requests for admission, Prestige stated that it could neither admit nor deny the requests for various reasons amounting to a lack of knowledge. However, just as with the lack-of-presence responses,[5] Prestige failed to both allege and specify how Prestige made a reasonable inquiry in an attempt to admit or deny the request. For this reason, Prestige must serve amended answers to requests 18, 27, and 54 after a reasonable inquiry, and must specify the efforts made in the inquiry if its amended answer will rely on a lack of knowledge.

---

[4] These requests contrast to requests 7, 9, and 10, which seek admissions related to facts or mixed questions of fact and law, even if on closely related topics.

[5] See section I, *supra*.

As to request 18, Prestige stated that it could not admit or deny that Mr. Hastings purchased the vehicle involved in the accident on May 1, 2009 because it did not possess the purchase records. The Court finds this response inadequate. The purchase records do not provide the only source of the needed information and Prestige does not allege it made any other efforts in gain the knowledge needed to admit or deny.

As to request 27, Prestige gave a number of reasons it could not admit to the accuracy of a 911 recording. It states that it "was not privy to the conversation," did not know the recording method, and did not know if any edits were made. These reasons do not represent intractable problems, but rather the issues Prestige must address in a reasonable inquiry. Prestige did not allege or specify any reasonable inquiry into these roadblocks to answering the request but alleged them as specific items of knowledge it lacked. Prestige must engage in the reasonable inquiry before responding that it lacks sufficient knowledge.

As to request 54, Prestige stated it can neither admit nor deny because it did not understand the Stacks' use of the term "material evidence." Material evidence is "[e]vidence having some logical connection with the facts of the case or the legal issues presented." *Material Evidence*, Black's Law Dictionary (10th ed. 2014). Materiality "appears to be subsumed into" the fact-of-consequence arm of relevance. *U.S. v. Carriger*, 592 F.2d 312, 315 (6th Cir. 1979); *see* Fed. R. Evid. 401(b). However, it has also been called "'loosely used and ambiguous.'" 592 F.2d at 315 (citing Fed. R. Evid. 401 advisory committee note). Nonetheless, Prestige may only assert a lack of knowledge after making a reasonable inquiry. If Prestige believes the request's language susceptible to an objection, it must state one with specificity. The current response, to assert a lack of knowledge based on the potentially objectionable character of the request does

not comport with the rules. Fed. R. Civ. P. 36(a)(3) (stating a party must answer or object to a request for admission, not both).

For these reasons, Prestige must serve amended answers to requests 18, 27, and 54.

IV. Responses that state a document speaks for itself (numbers 25, 30, 34, and 43a)

The Court now addresses Prestige's response to four requests for admission that a document "speak for itself."[6] Stating that a document speaks for itself avoids the purpose of requests for admission, *i.e.*, narrowing the issues for trial. *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) ("It is also a waste of time, since the 'objection' that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of the issues in dispute that is the purpose of the rule . . . ."). If a request seeks an admission about a quotation or paraphrase of text, the responding party must answer, object (on grounds other than speaks for itself), or properly allege and support a lack of knowledge. *Id.* (calling a speaks-for-itself response "an evasion of the responsibility to either admit or deny").

As to request 25, the Stacks requested Prestige to admit not the contents of a document but that the document's contents "accurately reflect the substance of" a conversation. Prestige must respond not the contents of the document but to the accuracy of its contents.

As to request 30, the Stacks sought Prestige's admission as to the contents of the document. Prestige must respond to the Stacks' paraphrase and not tell them what they already know: that the document says what it says.

As to request 34, the Stacks did not seek an admission of the contents of the exhibit, an agreement between Prestige and Mr. Hastings, but as to facts that existed at the time the agreement was in force. Despite Prestige's response that the document speaks for itself, the

---

[6] Prestige stated that a document speaks for itself in more than four responses, but the Court addresses those other responses in other sections of this opinion.

Stacks do not request an admission of the document's contents. Prestige must respond in a manner that meets the contents of the request.

As to request 43a, the Stacks requested an admission regarding the requirements Prestige placed on Mr. Hastings. While the agreement may serve as a source of knowledge as to the requirements that Mr. Hastings carry a pager, radio, or mobile telephone, the Stacks did not directly ask about the agreement's contents. Moreover, the document's contents may not comport with the parties actions. Prestige must respond to the request posed and cannot assert the contents of the agreement to avoid responding.

For these reasons, Prestige must serve amended answers to requests 25, 30, 34, and 43a. For these and other responses, Prestige may not respond that a document "speaks for itself."

V. Responses that evade the request (numbers 2, 19, 20, and 36)

In response to four requests for admission, Prestige evaded the request or part of it.

As to request 2, the Stacks requested Prestige admit that its Department of Transportation number was painted on the vehicle involved in the accident. Prestige stated that it "[a]dmits so much" of the request "that there was a placard on the outside of the van." The Stacks did not request an admission that a placard was on the outside of the van. Prestige must respond to the request posed. Moreover, the language used by Prestige indicated a partial denial. The partial denial does not comport with Rule 36, which requires a denial to "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). Moreover, a partial denial must "specify the part admitted and qualify or deny the rest." *Id.* Prestige must respond to the request's substance: that the number 512674 was painted on the vehicle on February 10, 2011, and that the number 512674 is a USDOT number assigned to Prestige.

As to request 19, the Stacks requested that Prestige admit a document is a "true and accurate copy" of a vehicle registration. Prestige responded that it the document "appears to be the same document" possessed by Prestige. But this response does not admit or deny the request made. Prestige must respond as to the document's true and accurate nature, not that it possesses an identical copy, which may be neither true nor accurate.

As to request 20, the Stacks requested that Prestige admit that, at the time of the accident, Mr. Hastings was in the process of making a delivery documented in an attached exhibit. Prestige responded that the document contained the details of a specific shipment and then invoked the speaks-for-itself response. The speaks-for-itself portion of the response did not comport with the rule, as described above. The remainder of the response did not address the actions of Mr. Hastings (the gist of the request) but admitted the contents of the document. Prestige must respond to the request posed.

As to request 36, the Stacks requested Prestige admit that attached documents were "true and accurate copies" of documents Prestige keeps in the ordinary course of its business and previously provided in another lawsuit. Prestige responded that the "documents appear to be accurate" but that it cannot admit to the method used to obtain the documents because another attorney represents it in that matter. The information to determine the accuracy of the records is available to Prestige. Based on its response, it must possess similar records because these "appear accurate." The rules require Prestige to compare the documents. *See Miller*, 240 F.R.D. at 4. To avoid the comparison and not admit or deny the genuineness of the documents subverts the purpose of the rule. Moreover, Prestige may contact its state-court counsel, even if he or she does not appear in the instant matter. Prestige did not make any allegation that it lacked the knowledge to admit or deny this request or that it would not have the information available to it

11

upon a reasonable inquiry. The Court finds that Prestige's answer attempts to avoid responding to the request presented. Prestige must respond to the request as posed, either answering or specifically objecting.

For these reasons, Prestige must serve amended answers to requests 2, 19, 20, and 36.

### VI. Acceptable response (number 17)

In response to request 17, the Court finds Prestige's response complied with Rule 36. As such, Prestige need not amend its answers to request 17. The Stacks may serve additional requests to clarify the points and Prestige may move the Court to amend its answer if it desires, but the Court cannot order an amended response based on the instant motion.

As to request 17, Prestige denied the request only subject to a without-waiving–objections qualifier. The Court already overruled the objections. As such, the Court views the response as specifically denying the request in its entirety. Therefore, the response is proper. Fed. R. Civ. P. 36(a)(1)(4). While the Stacks may not like the answer, it complies with the rule. As such this Court cannot take any action at this time. *Compare* Fed. R. Civ. P. 36(a)(6) (allowing the Court to act upon objections and noncompliant answers), *with* Fed. R. Civ. P. 37(c)(2) (requiring the requesting party to prove a matter true before moving the court for reasonable expenses).

### VII. Responses deemed admitted (numbers 33 and 43b)

In response to three requests, Prestige provides responses this Court deems admissions.

As to request 33, the Stacks request that Prestige admit that the vehicle in the accident met at least one of four weight-related measures. One of those measures was a gross vehicle weight of 10,001 pounds or more. Prestige responded not by admitting the request but "stat[ing] that the State of Ohio Bureau of Motor Vehicles Certificate of Registration lists the GVW [gross

vehicle weight] as 10,001 [pounds]." Prestige reiterated this in its response to the motion. (Docket # 93, p. 6). While Prestige did not state that it admitted the request, it responded by reciting that records indicate that the van met the gross-vehicle-weight measure. As such, the Court finds the answer does not comply with the rule because it does not admit, specifically deny, or assert a lack of knowledge. Based on Prestige's response, the Court orders the matter admitted.

As to request 43b, the Stacks requested Prestige admit Mr. Hastings used a personal vehicle to make deliveries. Without stating that it admitted the request, Prestige stated that Hastings owned the vehicle, listed it in the contract between Hastings and Prestige, and used it at the time of accident and to transport items. The Court finds this response admits the request without using the word admitted. Therefore, the Court orders the request admitted.

## ORDER

IT IS HEREBY ORDERED that the Court grants in part and denies in part Plaintiff's Motion to Order Requests for Admission as Admitted or Alternatively, Motion to Compel Responses to Requests for Admission. (Docket # 92). The Court finds that Prestige's responses to requests 33 and 43b do not comply with Rule 36 and orders that these responses are deemed admitted. The Court finds requests 4, 5, and 8 exceed the scope of allowable Rule 36 requests and sustains Prestige's objections to requests 4, 5, and 8. The Court finds that Prestige's response to request 17 complies with Rule 36 and Prestige need not amend its response. The Court find that Prestige's responses to requests 2, 3, 6, 7, 9–13, 16, 18–20, 25–28, 30, 34, 36, 43a, and 54 do not comply with Rule 36 and orders Prestige to serve amended responses to these requests consistent with this opinion. The Court overrules all of Prestige's objections other than the scope objections sustained for requests 4, 5, and 8.

IT IS FURTHER ORDERED that Prestige will serve amended responses required by this order within 30 days of this order.

c:      counsel